IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | Case No. CR10-0008 |
| vs. | | ORDER FOR PRETRIAL DETENTION |
| DESHAWN LAMONT HULL, | | |
| Defendant. | | |

On the 5th day of February, 2010, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Daniel W. Huitink. The Defendant appeared personally and was represented by his attorney, Brian D. Johnson.

## RELEVANT FACTS

On February 2, 2010, Defendant DeShawn LaMont Hull was charged by Indictment (docket number 3) with distributing crack cocaine within 1,000 feet of a school (Count 1) and possessing a firearm as a felon (Count 2). Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on April 5, 2010.

Special Agent Thomas J. Reinwart of the Federal Bureau of Investigation ("FBI") testified regarding the circumstances underlying the instant charge. According to Special Agent Reinwart, Count 2 arises from a search of Defendant's residence on July 30, 2007. A loaded .22 caliber revolver was found in a duffle bag in a bedroom closet. Also found behind a padlocked door was a scale with cocaine. At the time, Defendant denied the gun was his and said that it did not work.

On July 21, 2009, Defendant had two telephonic conversations with an investigating officer. In the first conversation, Defendant admitted buying the gun in an alley for $100,

but said it did not work. Later in the same conversation, Defendant said somebody else purchased the gun and gave it to him to hold, and he "got caught with it before he could throw it away." In the second telephone conversation on the same day, Defendant said that it was his wife's gun and he had no seen it and knew nothing about it. Defendant had previously been convicted of a felony drug offense, and was also previously convicted of domestic abuse assault.

Count 1 of the Indictment arises from a controlled buy on November 18, 2009. A confidential informant ("CI") met with officers, was searched, and was then wired with a transmitting and recording device. The CI was picked up in a vehicle driven by Defendant's wife (a co-Defendant in this case), with Defendant as a passenger. The Vehicle went to the Defendant's house, he went inside, and then came back with three "rocks" of crack cocaine, which he exchanged with the CI for $60. The transaction occurred within 1,000 feet of a school.

One week later, on November 25, 2009, a search of Defendant's house revealed crack cocaine and marijuana blunts. Defendant admitted that the controlled substances were his, but denied selling drugs.

According to the pretrial services report, Defendant is 28 years old. He was born and raised in Chicago, and attended high school there until the 11th grade. He has not earned a GED, but is enrolled as a student at Kirkwood Community College in Cedar Rapids, taking general education courses. For the past three months, Defendant has also been employed as a cook at Wendy's Hamburgers in Cedar Rapids.

Defendant has been married to Natalie Hull (a co-Defendant) since 2005. The parties have four children, ages 2 to 12. All four children reside with their maternal grandmother in Cedar Rapids. The children were placed there by the Iowa Department of Human Services after hair samples from the children tested positive for the presence of cocaine.

Defendant reported being in good physical and mental health, although he suffers from back pain. Defendant was stabbed in the back and in the chest on separate occasions in 2005 or 2006, and was shot in Chicago in 1999. Defendant denies consuming any alcohol for the past six months, and denies smoking marijuana for the past six months.

Defendant has an extensive prior criminal arrest and conviction record. The Court is advised that Defendant has been arrested in Cook County, Illinois, on 69 occasions, although the pretrial services report reflects only two possession convictions in 2000.

In 2003, Defendant was convicted in separate incidents in Linn County, Iowa, of interference with official acts, disorderly house, and domestic abuse assault. On the last charge, Defendant failed to appear for a show cause hearing and a warrant was issued for his arrest.

In 2004, Defendant was convicted of a controlled substance violation and received a ten-year suspended prison term. During the next three years, Defendant was found in contempt of court on four separate occasions for violating his probation. Also in 2004, Defendant was convicted of driving while suspended, disorderly conduct, and interference with official acts. On the first charge, Defendant failed to appear for the initial appearance and a warrant was issued for his arrest.

In 2005, Defendant was convicted three times for driving while barred. In 2006, Defendant was convicted of possession of a controlled substance second offense, interference with official acts, and disorderly conduct. Defendant was convicted again of driving while barred in 2007.

In 2008, Defendant was convicted of consumption/intoxication. In 2009, Defendant was convicted of possession of a controlled substance, third or a subsequence offense, and two counts of driving while barred. State charges arising out of the search on November 18, 2009 are pending.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with distributing crack cocaine within 1,000 feet of a school and being a felon in possession of a firearm, which are offenses found in § 3142(f)(1). Also, The Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant

detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with distributing crack cocaine within 1,000 feet of a school and possessing a firearm as a felon. Regarding Count 1, the evidence against Defendant is strong. The transaction was surveilled and recorded by law enforcement authorities. Regarding Count 2, it is apparently undisputed that Defendant was a prohibited person on July 30, 2007, and Defendant has given inconsistent statements regarding whether the weapon found in his bedroom was acquired by him. Defendant has a lengthy criminal history of arrest and convictions. Since 2003,

Defendant has not gone a single year without multiple criminal convictions. Defendant has failed to appear for court proceedings on multiple occasions, and has violated the terms of probation on multiple occasions. The Court has no confidence that Defendant would comply with any terms or conditions which the Court may impose for his release.

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore,

6

pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1.    The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2.    The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3.    On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.    The time from the Government's oral motion to detain (February 3, 2010) to the filing of this Ruling (February 8, 2010) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 8th day of February, 2010.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA